## MACK v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8667.

Circuit Court of Appeals, Third Circuit.

Argued Jan. 11, 1945.

Decided March 1, 1945.

John A. McCann, of Pittsburgh, Pa. (J. Paul Fife and Thomas V. Douglass, both of Pittsburgh, Pa., on the brief), for petitioner.

Leonard Sarner, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Helen Carloss, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before GOODRICH and McALLISTER, Circuit Judges, and GIBSON, District Judge.

McALLISTER, Circuit Judge.

By virtue of provisions in the will of his father, petitioner acquired an option to purchase a limited number of shares of stock from the testamentary trustees at a price equal to one half of the average market value of the shares at the time of exercise of the option. The average market price of the shares was defined to be "the mean between the high and the low of the market price of said stock during the six (6) calendar months immediately preceding the date of the particular purchase * * *."

Petitioner exercised the option, purchasing the stock at $34.06 per share. The average market price (as defined in the will) at the date of petitioner's exercise of the option, was $67.625. Petitioner, therefore, paid a little. more than one half of the so-called average market price, but this particular fact is of no importance in the case. Thereafter, petitioner sold the shares, so purchased, for $69.224 per share.

In his income tax return for the calendar year of 1940, petitioner reported a short-term capital loss on the transaction, setting forth that the "cost or other basis" of the stock was $72.06 per share. The Commissioner disallowed the loss claimed, and determined a deficiency by changing the basis of the shares from $72.06 to $34.06 per share, the actual money paid the trustees for the shares. The Tax Court sustained the Commissioner's determination.

The question presented on this appeal, is whether the basis of the shares is merely the cash actually paid to the trustees—as determined by the Commissioner—or the value of the option, together with the cash paid—as contended by petitioner.

The provisions of the Internal Revenue Code here applicable, are:

"Sec. 113. Adjusted basis for determining gain or loss—

"(a) Basis (unadjusted) of property. The basis of property shall be the cost of such property; except that—

\* \* \* \* \* \*

"(5) Property transmitted at death. If the property was acquired by bequest, devise, or inheritance, or by the decedent's estate from the decedent, the basis shall be the fair market value of such property at the time of such acquisition. \* \* \*" 26 U.S.C.A.Int.Rev.Code, § 113(a) (5).

Petitioner insists that the cost of the shares to him, was the cash he paid, plus the value of the option which he exercised; and were the case of first impression, this contention would doubtlessly appear to be fortified by able and persuasive reasoning of counsel. But this issue has been determined adversely to petitioner's contention in Helvering v. San Joaquin Fruit & Investment Co., 297 U.S. 496, 56 S.Ct. 569, 80 L.Ed. 824. In that case, the question before the court was the proper basis to be used in computing gain or loss on the sale of real estate which the taxpayer had acquired, in a nontaxable transaction, from a transferor who had acquired it. by the

exercise of an option. The option had been given in connection with a lease of the real estate, executed in 1906. The date of the first law taxing the income of individuals (enacted pursuant to the Sixteenth Amendment) was March 1, 1913, and by that date, the property had greatly increased in value. The option was exercised in 1916. The taxpayer contended that its transferor had acquired the property, or an interest therein, prior to March 1, 1913, and that its basis for computing the gain was the March 1, 1913, value. The Supreme Court held to the contrary, deciding that the taxpayer's transferor acquired the property, not when the option to purchase was given in 1906, but when it was exercised in 1916, and further determined that the taxpayer's basis was the price paid on the exercise of the option, and not the value as of March 1, 1913. In this regard, the court said: "The capital asset, sale of which resulted in taxable gain, was the land. This was not an asset of the taxpayer prior to the exercise of the option. We think it clear that there was no combination of two capital assets (the option and $200,000 of cash), to form a new capital asset (the land), which was subsequently sold at a profit." 297 U.S. at page 500, 56 S.Ct. at page 571, 80 L.Ed. 824. In view of the foregoing authority, discussion of the numerous cited cases from other state and federal courts, would be a work of supererogation.

The decision of the Tax Court is affirmed.