**Leslie J. VALLESKEY and Grace Valleskey, Plaintiffs,**

v.

**E. J. NELSON, District Director of Internal Revenue, Defendant.**

No. 58-C-14.

United States District Court
E. D. Wisconsin.

Dec. 12, 1958.

Louis L. Croy, Manitowoc, Wis., for plaintiffs.

Charles K. Rice, Asst. Atty. Gen., James P. Garland, David A. Wilson, Jr., Leo M. McCormack, Attys. Dept. of Justice, Washington, D. C., Edward G. Minor, U. S. Atty., Francis L. McElligott, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This action is based on a timely claim for refund, of $2,730.05 principal, and $529.25 interest, assessed and collected by the District Director of Internal Revenue as a deficiency in income tax due from plaintiffs for the year 1953.

The legal issues are before the court on motions for summary judgment by plaintiffs and by the defendant, the parties having stipulated all facts.

Plaintiffs are husband and wife who filed a joint tax return for the year 1953. Plaintiff Leslie J. Valleskey, hereinafter called the taxpayer, was the attorney for one Meta Michelson for a number of years. Said Meta Michelson died testate, March 15, 1953. Item 38 of her will is as follows:

"I hereby authorize my executors hereinafter named to sell my home, located at 1026 South 15th Street, Manitowoc, Wisconsin, to Leslie J. Valleskey for the assessed valuation thereof as of 1950, if he desires to purchase the same for that amount."

The 1950 assessed value of the subject realty was $4,800. It was appraised at $10,250 in the estate. This figure was used in the federal estate and state inheritance tax computations.

A schedule annexed to the Order Determining Inheritance Tax, issued by the County Court of Manitowoc County, Wisconsin, dated October 20, 1953, lists taxpayer as a legatee, standing in the relationship of stranger to the deceased, Meta Michelson, and a bequest to taxpayer in the amount of $5,450. Tax on the bequest was determined to be $620.98. This tax was paid by the East Wisconsin Trustee Company, the executor.

In the Claim for Refund, attached to the complaint in this action, taxpayer recites that he and the East Wisconsin Trustee Company were appointed as co-executors under the will of Meta Michelson. After getting assurance that taxpayer would get the Michelson home, pursuant to Item 38 of the will, taxpayer declined to serve as co-executor. He did act as attorney for the executor throughout the probate proceedings. The Michelson home was conveyed to taxpayer on May 27, 1953 on payment of $4,800.

On June 1, 1953, taxpayer sold the Michelson home for the sum of $10,000. In computing gain or loss in this transaction for federal income tax purposes, taxpayer used the sum of $10,290 as basis, consisting of the appraised value of $10,250 plus selling expenses in the amount of $40. The ultimate effect of using this amount as a basis resulted in a short-term capital loss of $290, and that was claimed by plaintiffs in their federal income tax return for the year 1953.

The Government concluded that the basis to be used was $4,840, consisting of the $4,800 which taxpayer paid for the property, plus $40, selling costs. This resulted in a short-term capital gain of $5,160. On this basis a deficiency assessment was made of $2,703.05, which plaintiffs paid, together with interest in the amount of $529.25. Plaintiffs' timely claim for refund of these sums was refused.

The applicable statute is 26 U.S.C.A., Int.Rev.Code, 1939, as amended,

"§ 113. Adjusted basis for determining gain or loss—

"(a) Basis (unadjusted) of property. The basis of property shall be the cost of such property; except that— * * *

"(5) Property transmitted at death.

"If the property was acquired by bequest, devise, or inheritance, or by the decedent's estate from the decedent, the basis shall be the fair market value of such property at the time of such acquisition. * * * *"

Taxpayer's argument may be briefly summarized. Item 38 of the will of Meta Michelson constitutes a conditional testamentary gift to the taxpayer. This provision created a special power of appointment with respect to the Michelson home. Under the special power, an interest in the realty passed directly from the donor of the power, the testatrix, at the time of her death, to the appointee, the taxpayer, to the extent of the gift, allegedly 52% of the value of the realty. Therefore, Section 113(a)(5) is applicable to give the appointee a basis of fair market value of the property at the time of the acquisition with respect to 52% of the Michelson home, which, when added to the amount paid by taxpayer, or $4,800 for the remaining 48% thereof, establishes a basis of $10,250.

He argues that even if the provision of the will should be construed as giving taxpayer an option to purchase the realty, such an option creates an interest in land under applicable Wisconsin law. Since the option was acquired by bequest, taxpayer acquired an interest in the property by bequest, and Section 113(a)(5) is applicable. He urges that the probate court determined that taxpayer acquired the property in question by inheritance. This determination is binding on the Government since local law controls as to determinations of property rights.

The Government contends that taxpayer acquired the property by purchase on exercising the option to purchase extended to him pursuant to the provisions of the will. The option did not confer an interest in the property upon taxpayer. Therefore, taxpayer acquired the realty by purchase and his basis is the cost of the property, or $4,800.

The issue to be determined is whether (a) the actual consideration paid, or (b) the fair market value at the time of death of the testatrix, is the basis for computing gain or loss on the subsequent sale by taxpayer of property acquired by him pursuant to a will authorizing the sale thereof by the executor to taxpayer for an amount substantially less than its fair market value.

Whether Section 113(a)(5) applies in this case to provide a basis of "fair market value * * * at the time of * * * acquisition" depends on the nature of the interest in the Michelson home passing to taxpayer under Item 38 of the will.

Substantially similar language in testamentary provisions in other cases has been construed as creating options to purchase in the legatees.[1] One difference that may be noted is that there is no time limit provided within which the sale is to occur in Item 38 of the will in question.

1. Cf. Mack v. Commissioner of Internal Revenue, 1944, 3 T.C. 390, 391, affirmed 3 Cir., 1945, 148 F.2d 62, certiorari denied 326 U.S. 719, 66 S.Ct. 23, 90 L.Ed. 425.

"I direct that my Trustees shall set aside Twenty Thousand (20,000) shares of my common capital stock of G. C. Murphy Company for the benefit of my sons, John Gordon Mack and James S. Mack, and the institutions hereinafter mentioned. At any time during the first ten (10) years after the date of my death my Trustees shall sell and deliver to my said sons said Twenty Thousand (20,000) shares and any stock dividends thereon, or such part thereof as they shall from time to time elect to purchase, at one-half (½) the average market price per share as hereinafter defined, * * * * "

Cadby v. Commissioner of Internal Revenue, 1955, 24 T.C. 899.

"I hereby authorize, empower and direct my said executor and trustee to sell to W. Winne Cadby and Charles D. DeFreest the five hundred (500) shares of preferred stock and the two hundred and seventy (270) shares of common stock of Cadby & Son, Inc., now owned by me, upon the payment of Twenty-five thousand dollars ($25,000.00), provided satisfactory proof is given to my said executor and trustee that said persons have purchased from my said wife, Mabel A. Cadby, the sixty (60) shares of preferred stock of said corporation now owned by her and have paid to her the sum of Six thousand dollars ($6,000.00) therefor, and further provided that each of said purchases and payments shall have been made within two years from the date of my death. * * * * "

■ Taxpayer's contention that Item 38 creates a power of appointment, testatrix being the grantor, the executor, the grantee of the power, and taxpayer, the appointee, is well founded. The creation, construction and execution of powers are governed by statute in Wisconsin. (Wis. Stats. § 232.01) [2] A power is an authority to do some act in relation to lands, or the creation of estates therein. (Wis. Stats. § 232.02) [3] The power in question here is a special power in trust. (Wis. Stats. § 232.06(1)) [4] and (Wis.Stats. § 232.22(1)) [5] and its execution is therefore mandatory upon the grantee. (Wis. Stats. § 232.23) [6]

The act in relation to lands which is the subject of the power, pursuant to Item 38 of the will, authorizes the executor to sell the home, for a determinable consideration, to the taxpayer. In legal effect, this is a bequest by the testatrix to taxpayer of the right to purchase her home for $4,800. This right was acquired by taxpayer on the death of the testatrix. It creates in taxpayer an equitable interest in the land insofar as he has an enforceable right to have the land conveyed to him on performance of the condition.

The right thus bequeathed to taxpayer was determined as having a value of $5,450 for purposes of computing Wisconsin Inheritance Tax thereon. Had taxpayer assigned or sold this right, his basis for computing gain or loss on the transaction would have been the fair market value thereof at the date of the death of the testatrix. Helvering v. San Joaquin Fruit & Investment Co., 1935, 297 U.S. 496, 56 S.Ct. 569, 80 L.Ed. 824; Cadby v. Commissioner of Internal Revenue, 1955, 24 T.C. 899.

Testatrix did not devise the home itself to taxpayer under Item 38 of her will. Nor did she devise any portion thereof to him. The fact that a valuation, determined by computing the difference between the fair market value of the Michelson home at the time of testatrix' death and the amount of the payment to be made by taxpayer as purchase price as a condition to the exercise of the power of appointment, has been placed on taxpayer's right to purchase cannot be equated as giving him a 52% interest in the home at the date of the death of the testatrix.

The value of the right to purchase is not in the nature of earnest money or a down-payment, to be treated as part of the consideration for the conveyance, unless that is the agreement between the parties. Nor is the creation of the right to purchase in the nature of a contract to purchase since the owner of the right is under no obligation to acquire the property and incurs no liability on failure to perform.

■ It would appear that taxpayer's rights under Item 38 of the will are in all essential respects similar to those of

2. Wis.Stats. § 232.01:
"How far abolished. Powers, except as authorized and provided for in this chapter, are abolished; and the creation, construction and execution of powers shall be governed by the provisions herein contained."

3. Wis.Stats. § 232.02:
"Definition. A Power is an authority to do some act in relation to lands, or the creation of estates therein, or of charges thereon, which the owner granting or reserving such power might himself lawfully perform."

4. Wis.Stats. § 232.06(1):
"Special power. A power is special:
"(1) When the person or class of persons to whom the disposition of the lands under the power to be made are designated. * * *"

5. Wis.Stats. § 232.22(1):
"Special powers in trust. A special power is in trust:
"(1) When the disposition which it authorizes is limited to be made to any particular persons other than the grantee of such power. * * *"

6. Wis.Stats. § 232.23:
"Trust powers imperative. Every trust power, unless its execution or nonexecution is made expressly to depend on the will of the grantee, is imperative and imposes a duty on the grantee the performance of which may be compelled by action for the benefit of the parties interested."

an optionee. Although having the right to purchase the property, and thereby having an equitable interest in land, the property itself was not acquired by bequest ·or by appointment, but on the exercise of the right to purchase, and therefore the property itself was transferred to taxpayer by virtue of the purchase. Section 113(a)(5) is therefore not applicable to establish a basis other than cost for this property.

A similar conclusion was reached by the court in Mack v. Commissioner of Internal Revenue, 3 Cir., 1945, 148 F.2d 62. Taxpayer contends that this case is distinguishable in that its rule is limited to options acquired by will, and that the San Joaquin case, supra, cited in Mack, as authority for the court's decision is not applicable in that it deals with an option contained in a lease and not acquired by bequest.

As noted above, the provisions of Item 38 of the will of Meta Michelson are substantially similar to those quoted in the opinion of the Tax Court in the Mack case. While the court there construes the provision as an option, and here almost identical language may be denominated a power of appointment, in both instances the rights of the optionee or the appointee acquired by bequest are limited to the right to acquire property by purchase, and therefore different from the ownership of the asset itself.

The rule of the San Joaquin case is applicable here, as it was held controlling in Mack. There, taxpayer contended that having an option to buy realty for a period prior to the exercise thereof, gave him such an interest in the land that the appreciation of the land during the option period increased the value of the land, and increased the value of his option. On exercise of the option, for the agreed consideration, taxpayer added the claimed value of the option to the actual consideration paid, to establish a basis for computing gain or loss on a subsequent sale of this property. The court held that, regardless whether taxpayer had an equitable interest in the property, namely the right to purchase the property during the life of the option, he did not acquire the property until the exercise of the option, and that his basis therefore was the actual consideration paid and the cost of certain improvements of the land.

Taxpayer, here, wishes to add to the actual consideration paid for the Michelson home, the value of his rights to purchase this asset, to establish his basis. With respect to this contention, the rule of San Joaquin is controlling. The court believes that—

" * * * The capital asset, sale of which resulted in taxable gain, was the land. This was not an asset of the taxpayer prior to the exercise of the option. We think it clear that there was no combination of two capital assets, the option and $200,000 of cash, to form a new capital asset, the land, which was subsequently sold at a profit." Helvering v. San Joaquin Fruit & Investment Co., supra (297 U.S. at page 500, 56 S.Ct. at page 571)

The opinion of the Tax Court in the Mack case, 3 T.C. 390, affirmed in 148 F.2d 62, contains language pertinent to the issue here. As seen from the quoted provision of the will, the trustees were directed to sell taxpayer certain shares of stock at approximately one-half of market value. Taxpayer used fair market value at death of testator as basis in a later sale of the property and arrived at a paper loss on the transaction.

"What the petitioner acquired under the will of his father was an option to purchase * * * The petitioner contends that that option had a value * * * What the petitioner sold here was not the option to purchase. That was personal to the petitioner. It could not be transferred. What he did sell was the five shares of stock which he purchased on November 25, 1940 * *

"It seems plain that by reason of the purchase and sale of the five shares in 1940 the petitioner realized a gain of $175.82. Surely his

bank account would reflect the increase.

"In the light of these facts it seems decidedly unrealistic for the petitioner to claim that he had a loss from the transaction. The loss can be computed only by adding to the cost basis an assumed value for the option to purchase, which was, of course, exhausted in part by the purchase of the five shares * * * We do not think, however, that the statute [Sec. 113(a) (5)] warrants such an assumption." Mack v. Commissioner of Internal Revenue, 3 T. C. 390, 395.

Taxpayer cites the rule of Brewster v. Gage, 280 U.S. 327, 50 S.Ct. 115, 74 L.Ed. 457 which concerned the date of acquisition of property bequeathed to a residuary legatee to the effect that the requirements of Section 113(a) (5) are met when taxpayer has some interest in the property even though the interest may be contingent or conditional, and possession and control are deferred to some later time. This rule would benefit taxpayer had there been a bequest or appointment of the property itself, absolute or contingent, under the will. But the bequest was not of the property itself, but of a conditional right to purchase the property.

As was said in A. H. Morse Co. v. Commissioner of Internal Revenue, 1 Cir., 1953, 208 F.2d 751, 756:

"* * * It has been held that property is not 'acquired', within the meaning of previous revenue acts and the Internal Revenue Code, even when one has the *right* to obtain property such as under an option." (Citing San Joaquin and Mack cases.)

It may be noted that the record in this case does not indicate a County Court of Manitowoc County determination that taxpayer acquired the Michelson home by inheritance. As stated above, taxpayer is listed as a legatee, and the amount of the bequest is stated as $5,450. The subject matter of the bequest is not further identified. There is nothing inconsistent in that order with the conclusion that taxpayer is a legatee of a bequest of a right to purchase certain property which for Wisconsin Inheritance Tax computations was valued at $5,450.

Taxpayer having acquired by bequest an interest in the Michelson home only to the extent of a right to purchase this home, this property was acquired by taxpayer by purchase, not by bequest. It follows, that his basis for computing gain or loss on a subsequent sale thereof is cost plus certain selling expenses under Section 113(a).

Plaintiffs' motion for judgment is hereby denied, and the motion of defendant granted. Defendant's counsel is directed to prepare order for judgment and judgment in conformity herewith, submitting them to plaintiffs' counsel for approval as to form only.