Leslie J. VALLESKEY and Grace Valleskey, Plaintiffs-Appellants,

v.

E. J. NELSON, District Director of Internal Revenue, Defendant-Appellee.

No. 12647.

United States Court of Appeals Seventh Circuit.

Oct. 22, 1959.

Louis L. Croy, Manitowoc, Wis., for appellant.

Charles K. Rice, Asst. Atty. Gen., Carolyn R. Just, Attorney, U. S. Department of Justice, Washington, D. C., Edward G. Minor, U. S. Atty., Milwaukee, Wis., Howard A. Heffron, Acting Asst. Atty. Gen., Meyer Rothwacks, Robert N. Anderson, Attorneys, Department of Justice, Washington, D. C., Francis McElligott, Asst. U. S. Atty., Milwaukee, Wis., for appellee.

Before DUFFY, PARKINSON and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

This is an appeal from a decision by the District Court of the Eastern District of Wisconsin on motion of both parties for a summary judgment. The plaintiffs are husband and wife and filed a joint income tax return for the year 1953; the plaintiff, Leslie J. Valleskey,[1] was the attorney for one Meta Michelson for a number of years prior to her death. She died March 15, 1953. Item 38 of her will was as follows:

"I hereby authorize my executors hereinafter named to sell my home, located at 1026 South 15th Street, Manitowoc, Wisconsin, to Leslie J. Valleskey for the assessed valuation thereof as of 1950, if he desires to purchase the same for that amount."

The taxpayer and the East Wisconsin Trustee Company were appointed as co-executors under the will. Taxpayer declined to serve as co-executor although he did act as attorney for the executor throughout the estate proceedings.

The 1950 assessed valuation of the real estate referred to in the will was $4,800;

[1]. Referred to as taxpayer.

the appraised value of this property as listed in the estate was $10,250, which figure was used in the federal estate and state inheritance tax computations.

The East Wisconsin Trustee Company as executor paid the sum of $620.98 inheritance tax on Item 38 in the will. On June 1, 1953 Leslie J. Valleskey sold the said real estate for $10,000, he having previously paid the sum of $4,800 for the property pursuant to Item 38 in the will.

The basis used by the taxpayer for computing gain or loss for income tax purposes was $10,250, plus $40 expenses incurred in the sale. The result of using this basis is a short-term capital loss of $290 which was claimed by the plaintiffs in their federal income tax return for 1953.

The Government contended that the basis to be used was $4,840 consisting of the $4,800 which the taxpayer paid for the property, plus $40 selling cost, which resulted in a short-term capital gain of $5,160 and made a deficiency assessment of $2,703.05, which the plaintiffs paid, together with interest in the amount of $529.25; the taxpayer made proper claim for refund which was refused and this action is brought to recover the aforesaid amount.

The contested issues are:

(a) Is the taxpayers' capital gain or loss based on $4,800, the purchase price paid, or $10,250, the appraised value at the time of the testatrix's death?

(b) Did the taxpayer acquire the property in question by devise, or bequest or by purchase?

(c) Was the testamentary provision mandatory or was it discretionary on the executor?

The applicable statute is Section 113 of the Internal Revenue Code of 1939 which provides as follows:

"§ 113. Adjusted basis for determining gain or loss.

"(a) Basis (unadjusted) of property. The basis of property shall be the cost of such property; except that—* * *

"(5) Property transmitted at death. If the property was acquired by bequest, devise, or inheritance, or by the decedent's estate from the decedent, the basis shall be the fair market value of such property at the time of such acquisition. * * *" 26 U.S.C. 1952 ed., Sec. 113.

Item 38 of the will authorized the sale of the entire property at the 1950 assessed valuation and gave the taxpayer the right to purchase the property for that amount if he so desired.

There was no gift of any portion of the property itself to the taxpayer under the terms of the will.

The acquisition of the property was not by bequest, devise, or inheritance, so as to bring the transaction within the terms of Section 113(a) (5).

The language in Item 38 of the will which uses the phrases "to sell" and "to purchase" means nothing more than giving the taxpayer the right to purchase the property.

In Mack v. Commissioner, 3 Cir., 148 F.2d 62, certiorari denied 326 U.S. 719, 66 S.Ct. 23, 90 L.Ed. 425, the taxpayer acquired under his father's will an option to purchase a limited number of shares of stock from the testamentary trustee at a price equal to one-half of the average market value of the shares at the time of the exercise of the option. The taxpayer exercised the option, purchasing the stock at $34.06 per share. The average market price, as defined in the will, at the time of taxpayer's exercise of the option was $67.625. Thereafter the taxpayer sold the shares for $69.224 per share. In his income tax return for 1940 the taxpayer reported a short-term capital loss on the transaction, claiming that "cost or other basis" was $72.06 per share. The Commissioner disallowed the loss and determined a deficiency by changing the basis of the shares from $72.06 to $34.06 per share, the actual money paid the trustee for the shares. The Third Circuit affirmed the Tax Court in sustaining the Com-

missioner's determination, and the Supreme Court denied certiorari.

█ The taxpayer attempts to distinguish the Mack case on the ground that the power given the executor was discretionary and not mandatory. Under Wisconsin law (See 27 Wisconsin Statutes Annotated (1957), Section 232.-23) the power given the executor is mandatory and not discretionary. The reasoning of the Mack case is therefore applicable.

█ It is clear under the facts and applicable authorities that the real property which the taxpayer sold in 1953 had not been previously "acquired by bequest, devise, or inheritance" within the meaning of Section 113(a)(5) of the Internal Revenue Code of 1939, thus the District Court properly determined that in computing any gain or loss on the subsequent sale of the property the taxpayers' basis was cost, plus expenses of the sale and not the value at which the property was appraised in decedent's estate.

The judgment of the District Court is affirmed.

Affirmed.