C. G. SLOAN & CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 90224.   Filed May 4, 1962.

*Charles T. Akre, Esq.*, for the petitioner.
*Donald W. Howser, Esq.*, for the respondent.

OPINION.

RAUM, *Judge:* Briefly stated, petitioner's position is that it was devised a 50-year lease on its business premises under the will of its former sole stockholder, Mark Mck. Sloan; that this lease had a so-called bonus value to petitioner as of the date of the decedent's death based on the alleged fact that the rent specified was less than the fair rental value of the property for the 50-year term; and that petitioner is entitled to an allowance for depreciation during the term of the lease because the lease's bonus value constituted property used in its trade or business.

The Commissioner has put forward three alternative grounds for upholding his disallowance of the contested depreciation deductions. First, even if the petitioner acquired the lease by devise from the decedent, it in fact had no fair market or bonus value that could be depreciated over its life. Second, petitioner was not "devised" the lease in question; it in fact owned the property in fee at the time of decedent's death, and, in effect, retained a carved-out portion of the fee, i.e., the leasehold interest in the property, when it conveyed its interest in fee pursuant to the decedent's will. Therefore, assuming

that the lease had some market value, petitioner did not acquire a separate, depreciable basis in the leasehold from the decedent as of his death. Third, if petitioner acquired anything under the decedent's will, it was only an option to lease the real estate in question; the value, if any, of such option is not properly a part of its basis in the lease after the option has been exercised, citing *Helvering* v. *San Joaquin Fruit & Investment Co.*, 297 U.S. 496; *J. Gordon Mack*, 3 T.C. 390, affirmed 148 F. 2d 62 (C.A. 3), certiorari denied 326 U.S. 719; *Valleskey* v. *Nelson*, 271 F. 2d 6 (C.A. 7), certiorari denied 361 U.S. 960; but cf. *Kalbac* v. *Commissioner*, 298 F. 2d 251 (C.A. 8), affirming in part and remanding in part a Memorandum Opinion of this Court.

After careful consideration of the relevant facts and circumstances as well as the arguments of counsel, we think that the Commissioner correctly determined that petitioner is not entitled to the depreciation allowance in issue.

1. Most of the facts were stipulated by the parties. The value, if any, of the subject lease as of the decedent's death is the only matter upon which evidence was presented at the trial. Both parties introduced expert testimony on this question.[1] Upon review of such testimony and the other evidence of record relevant to the possible value of this lease, we conclude that the lease did not have any fair market or bonus value as of the decedent's death. Taking into account (1) the poor condition of the building, (2) the disproportionate amount of work (and cost) necessary to modernize it so that the property could be put to its highest and best use (assuming that the building is susceptible of such modernization at a cost that would not exceed the cost of demolishing it and erecting a new structure), (3) the fact that the lessee was required to bear the burden of real estate taxes and all other expenses of repair and maintenance of this old building for 50 years to come, and (4) the restrictive use[2] of the property required by the terms of the lease and the will, we think that the prescribed rental was fair to both the lessor and the lessee. Thus, even assuming that petitioner did inherit the right or option to lease its business premises from the decedent, we could not on this record sustain its contention that such interest had any fair market or bonus value as of the decedent's death.

2. However, we do not rest our decision solely on the foregoing

[1] While petitioner claimed on the tax returns in issue that the market or bonus value of this lease amounted to $150,000 and that such figure constituted its basis therein for depreciation purposes, at the trial petitioner's expert witness valued the lease at $112,287. On brief, petitioner now contends that only the lower figure should be its basis in the lease.

[2] The decedent's will specifically provided that a condition of petitioner's tenancy under the lease be that "it will continue the general auctioneering and appraising business under the present firm name, on the high standard that has been maintained during my lifetime." In the actual lease signed by the petitioner this condition was incorporated specifically in a separate covenant as well as incorporated generally by reference to the provisions in the decedent's will.

ground. Wholly apart from the question of the value of the lease, we think that the Commissioner's determination must be upheld. Petitioner has assumed on its tax returns, at the trial, and on brief that *it acquired the lease from the decedent by devise* and that, therefore, it is entitled under the statute to a depreciable basis in the lease equal to its fair market value as of the date of the decedent's death. Section 1014, I.R.C. 1954, contains the provisions relied upon. But section 1014 deals with property "acquired from a decedent," and the difficulty here is that, in our opinion, petitioner did not "acquire" any property from the decedent.

It is a stipulated fact that the petitioner held a fee simple interest in the real estate on the date of the decedent's death. It is difficult to understand, therefore, how petitioner can maintain either in theory or in point of fact that it was devised a lesser interest, a leasehold, in the same property *by* the decedent. To begin with, in so arguing, petitioner in essence puts itself in the paradoxical position of attempting to deny its own existence by suggesting that its stockholder, the decedent, and not itself was the true owner of the property. This is at odds not only with its status as a taxpayer and as petitioner in this case, but also with the inherent second phase of its argument that it is a legal entity capable of holding property and of receiving a leasehold interest by bequest or devise. To be sure, all of petitioner's stock was owned by the decedent when he died, and as a result the decedent was in a position to direct in his will what should be done thereafter by the corporation with certain of its assets as well as who should receive his 100-percent stock interest in petitioner. But this does not mean that the decedent owned petitioner's assets as against the petitioner itself. Nor does it follow that the decedent, by providing that petitioner should have the right to lease the property after it conveyed its fee simple interest therein to his testamentary trustee, thereby intended to make a testamentary gift of such leasehold right to petitioner.

We think that the proper construction of the pertinent portions of the decedent's will is that the decedent intended to separate the real estate from the other assets of petitioner as a going business, that he intended to make a gift of such real estate (subject to a restricted right in petitioner to lease it for 50 years) to the beneficiaries of the residuary trust, and that he intended to make a gift of the going business (minus the fee interest in the subject real estate) to two of petitioner's trusted employees. So understood, we think, that petitioner did not *acquire* a leasehold interest in the property under the will but, in fact, relinquished a greater interest therein (i.e., its fee simple interest) as a result of the will's provisions.

The will required the executor to arrange to have petitioner convey the property to the testamentary trustee, which in turn was obligated

by the terms of the trust to lease the land to petitioner. The net result was that petitioner, in effect, retained a leasehold interest in the premises. Its conveyance to the executor and the executor's conveyance to the trustee were both made specifically subject to the will's provision putting the real estate under the trust. Petitioner conveyed and the trust ultimately received the real estate subject to a right in petitioner to lease the premises in accordance with the rental terms and use restrictions provided in the decedent's will. Petitioner's control over and occupancy of the premises was uninterrupted. We agree with the Commissioner that the same end result might have been accomplished simply by one deed from petitioner to the trustee reserving in petitioner the leasehold interest, and the fact that a more circuitous route was taken (at least in part, it is clear on this record, in order to reduce the ultimate tax against the decedent's estate)[3] does not change the substance of what was intended or of what actually occurred. Petitioner's leasehold interest in its business premises was an interest *retained* by it *pursuant to* the decedent's will, not one *inherited* by it *under* the will. As such, putting to one side the valuation question, petitioner is not entitled under the statute to any depreciable basis in the lease due to the decedent's death or the provisions of the decedent's will. Petitioner has suggested no other means by which it acquired a depreciable basis in the lease. Therefore, the claimed depreciation deductions cannot stand.

We do not pass upon the Commissioner's further alternative argument that, assuming that petitioner was devised an option to lease its premises and that such option possessed some ascertainable fair market value, such value is not properly a part of petitioner's basis in the lease after the option has been exercised.

*Decision will be entered for the respondent.*

---

[3] Neither party has contended that the steps taken to minimize the tax of the estate pursuant to the Commissioner's letter-ruling to the executor should in any way affect the decision herein. Such steps were obviously outside of the expressed intent of the decedent in his will. It is, however, interesting to note that the Probate Court also evidently did not consider petitioner as a devisee under the decedent's will, since petitioner's consent was not obtained as an interested party to the court's Order Instructing Executor regarding the redemption of part of the estate's stock in petitioner in exchange for the subject real estate.